**MILES LABORATORIES, INC., Plaintiff-Appellee,**

v.

**DAYTON VITAMIN & COSMETIC DISTRIBUTORS, INC., Defendant-Appellant.**

No. 14466.

United States Court of Appeals
Sixth Circuit.

May 5, 1961.

Rehearing Denied July 25, 1961.

Stanley A. Freedman, Dayton, Ohio, Smith & Schnacke, Dayton, Ohio, on brief, for appellee.

Myron N. Krotinger, Cleveland, Ohio, Mendelsohn, Krotinger, Lane, Santora & Shaw, Cleveland, Ohio, and Pickrel, Schaeffer & Ebeling, Dayton, Ohio, on brief, for appellant.

Before MILLER, Chief Judge, SIMONS, Senior Judge, and MARTIN, Circuit Judge.

PER CURIAM.

The Supreme Court of Ohio in Union Carbide & Carbon Corporation v. Bargain Fair, Inc., 167 Ohio St. 182, 147 N. E.2d 481, held the 1936 Ohio Fair Trade Act, Sections 1333.05 to 1333.10, R.C., to be in violation of the State Constitution to the extent that it prohibited persons who were not parties to a price fixing contract from selling at less than the price stipulated in such contract. In response, the State Legislature enacted a new Fair Trade Act in 1959, Sections 1333.27 to 1333.34, R.C., which attempted to remedy the Constitutional deficiencies in the 1936 Act by providing that a retailer accepting a fair-traded commodity, and having notice of the list price, would be deemed a party to a Fair Trade agreement. Soon afterwards, several suits were started in various common pleas courts of the more populous counties of Ohio in the name of numerous manufacturers against retailers who allegedly were selling at below the list price. Injunctive and other relief was sought in these suits. In at least three counties the 1959 Act was declared unconstitutional, injunctive relief either having been initially refused or if previously granted, dissolved. In other cases, temporary injunctive relief was granted pending final determination of the Constitutional question by the Ohio Supreme Court.

The present case is but a federal version of similar suits brought in the state courts. The Plaintiff-Appellee, Miles Laboratories, filed an action in the District Court alleging violations of the 1959 Act, seeking *inter alia* a temporary injunction pending disposition of the matter.

On November 23, 1960, the District Court granted a temporary injunction to plaintiff but required a surety bond in the amount of $500.00 to protect defendant from any damage that it might incur. The court further stayed proceedings pending ultimate determination of constitutionality by the State Supreme Court. Subsequently, a motion to dissolve the injunction by the defendant was denied by the Court on December 14, 1960. The appeal before this court is from the portion of the November 23, 1960 order granting the temporary injunction and from the December 14th order denying the motion to dissolve.

A case is now awaiting decision in the Cuyahoga County Court of Appeals which poses the constitutional issues regarding the 1959 Act and, most likely, eventually will be submitted to the Ohio Supreme Court. In the interim, the district court's grant of interlocutory injunctive relief is appropriate and, accordingly, the motion to dissolve the injunction is denied without prejudice to its later renewal. However, a bond of only $500.00 appears inadequate.

The case is remanded to the District Court for proceedings not inconsistent with the views expressed in this opinion.

On Petition for Rehearing
ORDER.

Appellant seeks a rehearing based upon an alleged change in the state law since the oral arguments were heard by this court. The alleged change involves the dissolution of various injunctions which at the time of argument were in effect in the Franklin Common Pleas Court. Other temporary injunctions remain in effect in that county. However, appellant claims that these injunctions remain only because of failure of the enjoined parties to seek their dissolution. From what has been presented to us by the litigants since the case was argued, it is not clear that the common pleas courts throughout the state have achieved that degree of accord of decision which would have compelling effect on the federal courts.

We denied the motion to dissolve the temporary injunction but without prejudice. Thus, if and when the ambiguity of the *nisi prius* decisions is removed, or other pertinent developments present themselves, the motion may be renewed below.

Accordingly, the petition for rehearing is denied.